UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KIMBERLY KIM<br><br>　　　　Plaintiff,<br><br>v.<br><br>UY CREATIVE COMMUNICATIONS, LLC<br><br>And<br><br>MAUREEN UY<br><br>　　　　Defendants. | Case No.: 19-cv-300<br><br><br>JURY DEMAND |

# COMPLAINT

Now Comes Plaintiff, Kimberly Kim, by her attorneys O. Emil Ovbiagele and Samantha Huddleston of OVB Law & Consulting, S.C., and, as for the causes of action against the above-named Defendants, UY Creative Communications, LLC and Maureen Uy, alleges as follows:

## NATURE OF ACTION

1. This action seeks to enforce Plaintiff's rights and to recover under the Fair Labor Standards Act of 1983 ("FLSA") and Wisconsin's wage and hour laws.

## PARTIES

2. Plaintiff, Kimberly Kim, is an adult citizen of Wisconsin, residing at 1901 N. Prospect Ave., Apt. 301, Milwaukee, Wisconsin 53202.

3. Plaintiff is a former employee of the Defendants. During her employment with Defendants, Plaintiff was a covered employee under the FLSA and Wisconsin's wage and hour laws.

4. Defendant, UY Creative Communications, LLC ("UY Creative"), is a Wisconsin limited

liability company that operates a multi-state business that provides social media and marketing services for other businesses. UY Creative operates and provides its services in various states including, Wisconsin, Illinois, Arizona, and Florida.

5. Defendant, Maureen Uy ("Defendant Maureen"), is an individual who resides in Milwaukee, Wisconsin.

6. Defendant Maureen is an owner/Managing Partner of UY Creative, controls the operations of UY Creative, and, at all times relevant to this action, was involved in the supervision and payment of the Plaintiff and other employees.

## JURISDICTION AND VENUE

7. The court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 28 U.S.C.A. § 1331, and 29 U.S.C.A. § 216(b). The court has personal jurisdiction over the Plaintiff, who is a resident of Milwaukee, Wisconsin, and the Defendants, who do business in the State of Wisconsin.

8. Venue also lies in this Eastern District of Wisconsin, pursuant to 28 U.S.C.A. § 1391 because the Defendants do business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

9. Upon information and belief, at all times relevant to this action, the Defendants were engaged in a commercial enterprise and had annual sales of over $500,000 or more and were engaged in interstate commerce.

10. Upon information and belief, the Defendants offered and provided services to customers in various parts of the United States and performed various services for its clients using interstate commerce tools, including but not limited to, using interstate mail services, internet services, and telecommunication services for interstate communication and commerce.

## INTRODUCTION

11. Plaintiff brings this claim individually for claims relating to unpaid wages/minimum wage compensation, overtime compensation, liquidated damages, interest, attorneys' fees and cost pursuant to the FLSA.

## FACTUAL BASIS FOR SUIT

12. Plaintiff is a covered employee within the meaning of the FLSA and Wisconsin Statute § 104.035.

13. Defendants employed Plaintiff within the meaning of the FLSA and Chapter 104 of the Wisconsin Statutes.

14. Defendant Maureen had substantial control over the working conditions of Plaintiff, and over the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

15. Defendant Maureen controlled Plaintiff's terms and conditions of employment by determining Plaintiff's compensation, directing Plaintiff on how to perform work related tasks, and determining which customer accounts Plaintiff would be working on.

16. At all times relevant to this action, the Defendants depended on social media and marketing employees like the Plaintiff, employed remotely to provide media marketing services to its customers.

17. Although these social media and marketing employees, including the Plaintiff, performed primary services related to the Defendants' operations and subject to its control, the Defendants wrongly classified them as "independent contractors" and deemed such employees/personnel to be outside the protections of the FLSA.

18. Plaintiff began her employment with the Defendants in September 2018.

19. Plaintiff ended her employment with the Defendants in January 2019 due to unpaid earned wages.

20. During her employment with the Defendants, Plaintiff was given several different titles, including that of social media manager.

21. During her employment with the Defendants, Plaintiff's duties included but were not limited to updating social media network sites for the Defendants and the Defendants' customers, monitory and creating reports of social response, engagement and growth, emailing and calling clients, and selling the Defendant's marketing packages to clients amongst other things.

22. At some point during her employment with the Defendants, Defendant Maureen told Plaintiff to change her title from social media manager to social media director despite no change in the Plaintiff's functional job duties.

23. During her employment with the Defendants, Plaintiff worked between 30 to 50 hours per week for the Defendants.

24. During her employment with the Defendants, the Defendants failed to pay Plaintiff the legally required minimum wage for all hours worked and for hours worked over 40 in a workweek.

25. During Plaintiff's employment with the Defendants, the Defendants failed to pay Plaintiff the her agreed upon hourly wage which was higher than the legally required minimum wage for all hours worked and for hours worked over 40 in a workweek.

26. During the time the Plaintiff was employed by the Defendants, she was paid only once. The Plaintiff was paid in November of 2018 and received a check from the Defendant in the amount of $750, much less than the minimum wage for the most conservative estimate of working 480 hours for the Defendants.

27. Upon information and belief, Plaintiff estimates that she worked more than 40 hours during several of the weeks she was employed by the Defendants.

28. Plaintiff was not paid overtime for her hours above 40 during the weeks described above.

29. The Defendants did not pay Plaintiff one and half times of her regular rate of pay for hours worked over 40 hours per week during a workweek. Instead, the Defendants classified Plaintiff as an independent contractor for 2018, issuing her an IRS Form 1099 at the end of 2018. The Defendants did this in an attempt to avoid paying Plaintiff her due wages, overtime, and payroll taxes that the Defendants are required by federal and Wisconsin law to pay.

30. Plaintiff was not an independent contractor.

31. Plaintiff's job duties were an integral part of the Defendants' business.

32. The Defendants exercised control over the terms and conditions of Plaintiff's employment.

33. Defendant Uy and other employees of Defendant UY Creative required Plaintiff to report to her and other Company supervisors on an almost daily basis.

34. The Defendants instructed Plaintiff as to her appointments, tasks to perform, and how to perform her job.

35. Plaintiff did not handle any of the billing, purchasing or business tasks. She simply worked at the Defendants' instructions.

36. Plaintiff worked these hours pursuant to the expectations of the Defendants to provide a level of service to the Defendants' customers that necessitated working full-time schedules, including overtime.

37. The Defendants' intentional failure to pay Plaintiff her wages and overtime wages were willful violations of the FLSA.

# FIRST CLAIM
## Violation of Fair Labor Standards Act - Unpaid Minimum Wages

38. Plaintiff reiterates, repeats, and realleges by reference all of the allegations contained in paragraphs 1 through 37 of this Complaint.

39. Defendants failed to pay Plaintiff the minimum wages to which she was entitled under the FLSA.

40. At all times relevant, Plaintiff was engaged in commerce and/or production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

41. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

42. At all times relevant, Defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

43. Defendants were required to pay Plaintiff the applicable minimum wage for all work performed from September 1, 2018, to the present.

44. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages, at the very least, in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

45. Defendants' unlawful conduct, as described in this Complaint, has been intentional and willful. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

46. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CLAIM
### Violation of Fair Labor Standards Act - Unpaid Overtime

47. Plaintiff reiterates, repeats, and realleges by reference all of the allegations contained in paragraphs 1 through 46 of this Complaint.

48. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

49. Defendants have failed to pay Plaintiff overtime for hours that they worked in excess of 40 hours in a workweek.

50. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorney's fees, costs, and other compensation pursuant to the FLSA.

## THIRD CLAIM
### Violation of Fair Labor Standards Act - Record Keeping Requirement

51. Plaintiff reiterates, repeats, and realleges by reference all of the allegations contained in paragraphs 1 through 50 of this Complaint.

52. At all times relevant, the Defendants did not have a centralized database of employees' hours worked at the time the Plaintiff was employed by the Defendants.

53. The Defendants informed the Plaintiff that she was required to keep track of her own time worked in Microsoft Excel and send a spreadsheet to the Defendants to be compensated.

54. For each employee, employers must keep records of the following: the employee's full name and employee number, the employee's full address, if the employee is under age 19, the employee's date of birth, the employee's sex and occupation, the time of day and day of the week when the employee's workweek begins, the employee's regular hourly rate of pay for any workweek that overtime pay is required, including: the basis of pay, such as per hour, per

7

day, or commission on sales; and the amount and nature of each payment excluded from the employee's regular rate. 29 C.F.R. § 516.2(a) and (c).

55. That employers must retain the records described in the preceding paragraph for at least two years from the date of last entry any basic timekeeping records. (29 C.F.R. § 516.6.)

## FOURTH CLAIM
## Violation of Chapter 104 of the Wisconsin Statutes Relating to Minimum Wage Law

56. Plaintiff reiterates, repeats, and realleges by reference all of the allegations contained in paragraphs 1 through 55 of this Complaint.

57. The minimum wage for employees working in Wisconsin is $7.25 per hour. Wis. Stat. § 104.035

58. That Wisconsin law does not distinguish between an "employee" and an "independent contractor" for the purposes of exempting a class of workers from the requirement for employers to compensate employees at a minimum rate of $7.25 per hour. See Wis. Stat. § 104.01(2).

59. Wisconsin law defines an employer as "every person, firm or corporation, agent, manager, representative, contractor, subcontractor or principal, or other person having control or direction of any person employed at any labor or responsible directly or indirectly for the wages of another." Wis. Stat. § 104.01(3)(a).

60. The Defendant Maureen personally made the decision to hire the Plaintiff and unilaterally set the wages paid to Plaintiff.

61. The Defendant Maureen Uy possessed the authority to increase or decrease the Plaintiff's wages at all times relevant.

8

## FIFTH CLAIM
## Violation of Chapter 104 of the Wisconsin Statutes Relating to Unpaid Overtime

62. Plaintiff reiterates, repeats, and realleges by reference all of the allegations contained in paragraphs 1 through 61 of this Complaint.

63. Wisconsin law provides that each employer shall pay to each employee time and one-half the regular rate of pay for all hours worked in excess of 40 hours per week. Wis. Stat. § 103.025.

64. The Defendants failed to compensate the Plaintiff at a rate of time and one-half the regular rate of Plaintiff's pay.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants for:

1. A declaratory judgment that Defendants' violated the FLSA minimum wage and overtime provisions;

2. A declaratory judgment that Defendants' violation of the FLSA was willful;

3. An award to Plaintiff for damages in the amount of unpaid wages and overtime compensation to be proven at trial;

4. An award to Plaintiff for interest and liquidated damages in an amount equal to the unpaid wages and overtime compensation shown to be owned to the Plaintiff pursuant to the FLSA;

5. An award to Plaintiff for reasonable attorney fees and costs associated with this action under the FLSA;

6. An award of such other and further legal and equitable relief as may be appropriate; or

9

7. In the alternative, an award of monetary damages in favor of the Plaintiff against the Defendants for all harms and damages arising from the Defendants' misclassification of the Plaintiff as an independent contractor and the Defendants' failure to comply with Chapter 104 of the Wisconsin Statutes' requirement to compensate employees at a rate of at least the minimum wage and to compensate Plaintiff at a rate equal to one and one-half times the base compensation for hours worked in a week in excess of forty hours in an amount deemed just by this Court; and

8. Any further relief that the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a jury trial under the provision of the Federal Rules of Civil Procedure 38(b).

Dated this 27th day of February, 2019 at Milwaukee, Wisconsin.

**OVB Law & Consulting, S.C.**
Attorneys for Plaintiff

By: s/ O. Emil Ovbiagele
O. Emil Ovbiagele
WI Bar No. 1089677
s/ Samantha Huddleston
Samantha Huddleston
WI Bar No. 1101385

**Address**
839 N Jefferson Street, Suite 502
Milwaukee, WI 53202
(414) 585-0588 (office)
(414) 255-3031 (fax)
emil@ovblaw.com
samantha@ovblaw.com