# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

KIMBERLY KIM,

      Plaintiff,

  v.

UY CREATIVE COMMUNICATIONS, LLC and
MAUREEN UY,

      Defendants.

Case No. 2:19-cv-00300-NJ

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

### ANSWER

Defendants, Uy Creative Communications, LLC ("Uy Creative") and Maureen Uy ("Ms. Uy"), by their attorneys, Murdock Law, S.C., answer Plaintiff, Kimberly Kim's, complaint filed February 27, 2019 as follows:

1. Answering paragraph 1, Defendants affirmatively allege that the allegations solely are legal conclusions to which no answer is necessary. However, if and to the extent an answer is deemed necessary, Defendants deny the allegations.

2. Answering paragraph 2, Defendants, upon information and belief, admit the allegations.

3. Answering paragraph 3, Defendants deny that Plaintiff ever was an employee of Defendants. Defendants affirmatively allege that the remaining allegations solely are legal conclusions to which no answer is necessary. However, if and to the extent an answer is deemed necessary, Defendants further deny the remaining allegations.

4. Answering paragraph 4, Defendants admit that Uy Creative is a limited liability company, organized and existing under and by virtue of the laws of the State of Wisconsin. Defendants deny the remaining allegations.

5. Answering paragraph 5, Defendants deny the allegations.

6. Answering paragraph 6, Defendants admit that Ms. Uy is an owner and managing partner of Uy Creative; that Ms. Uy controls operations of Uy Creative; and that Ms. Uy was involved in payment of Plaintiff. Defendants deny the remaining allegations.

7. Answering paragraph 7, Defendants affirmatively allege that the allegations solely are legal conclusions to which no answer is necessary. However, if and to the extent an answer is deemed necessary, Defendants deny the allegations.

8. Answering paragraph 8, Defendants affirmatively allege that the allegations solely are legal conclusions to which no answer is necessary. However, if and to the extent an answer is deemed necessary, Defendants deny the allegations.

9. Answering paragraph 9, Defendants deny the allegations.

10. Answering paragraph 10, Defendants deny the allegations.

11. Answering paragraph 11, Defendants affirmatively allege that the allegations solely are legal conclusions to which no answer is necessary. However, if and to the extent an answer is deemed necessary, Defendants deny the allegations.

12. Answering paragraph 12, Defendants affirmatively allege that the allegations solely are legal conclusions to which no answer is necessary. However, if and to the extent an answer is deemed necessary, Defendants deny the allegations.

13. Answering paragraph 13, Defendants deny that Plaintiff ever was an employee of Defendants. Defendants affirmatively allege that the remaining allegations solely are legal conclusions to which no answer is necessary. However, if and to the extent an answer is deemed necessary, Defendants further deny the remaining allegations.

14. Answering paragraph 14, Defendants deny the allegations.

15. Answering paragraph 15, Defendants admit that Ms. Uy determined on which customer accounts Plaintiff worked. Defendants deny the remaining allegations.

16. Answering paragraph 16, Defendants deny the allegations.

17. Answering paragraph 17, Defendants deny the allegations.

18. Answering paragraph 18, Defendants deny the allegations.

19. Answering paragraph 19, Defendants deny the allegations.

20. Answering paragraph 20, Defendants deny the allegations.

21. Answering paragraph 21, Defendants deny the allegations.

22. Answering paragraph 22, Defendants deny the allegations.

23. Answering paragraph 23, Defendants deny the allegations.

24. Answering paragraph 24, Defendants deny the allegations.

25. Answering paragraph 25, Defendants deny the allegations.

26. Answering paragraph 26, Defendants deny the allegations.

27. Answering paragraph 27, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's "estimates" of hours worked and, therefore, deny those allegations. Defendants further deny that

Plaintiff ever was an employee of Defendants. Defendants further deny the remaining allegations.

28. Answering paragraph 28, Defendants admit Plaintiff was not paid overtime. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's "estimates" of hours worked and, therefore, deny those allegations. Defendants further deny that Plaintiff ever was an employee of Defendants. Defendants further deny the remaining allegations.

29. Answering paragraph 29, Defendants admit that Plaintiff was an independent contractor of Uy Creative and, accordingly, that Plaintiff was not paid overtime; and that Plaintiff was issued an IRS Form 1099-MISC for the 2018 tax year. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's "estimates" of hours worked and, therefore, deny those allegations. Defendants further deny that Plaintiff ever was an employee of Defendants. Defendants further deny the remaining allegations.

30. Answering paragraph 30, Defendants deny the allegations.

31. Answering paragraph 31, Defendants deny the allegations.

32. Answering paragraph 32, Defendants deny the allegations.

33. Answering paragraph 33, Defendants deny the allegations.

34. Answering paragraph 34, Defendants deny the allegations.

35. Answering paragraph 35, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding the Plaintiff's

4

"billing," "purchasing," and "business tasks" and, therefore, deny those allegations. Defendants further deny the remaining allegations.

36. Answering paragraph 36, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's motivations and, therefore, deny those allegations. Defendants further deny the remaining allegations.

37. Answering paragraph 37, Defendants deny that they failed to pay anything they ever owed to Plaintiff, be it as a matter of law or equity, or otherwise; or that they acted in any sense to harm Plaintiff, be it as a matter of intent or willfulness, or otherwise. Defendants affirmatively allege that the remaining allegations solely are legal conclusions to which no answer is necessary. However, if and to the extent an answer is deemed necessary, Defendants further deny the remaining allegations.

**First Claim**
**(Fair Labor Standards Act—Minimum Wage)**

38. Answering paragraph 38, Defendants reallege and incorporate by reference all of their answers and affirmative allegations set forth above.

39. Answering paragraph 39, Defendants deny the allegations.

40. Answering paragraph 40, Defendants deny the allegations.

41. Answering paragraph 41, Defendants deny the allegations.

42. Answering paragraph 42, Defendants deny the allegations.

43. Answering paragraph 43, Defendants deny the allegations.

44. Answering paragraph 44, Defendants deny the allegations.

5

45. Answering paragraph 45, Defendants deny the allegations.

46. Answering paragraph 46, Defendants deny the allegations.

## Second Claim
### (Fair Labor Standards Act—Overtime)

47. Answering paragraph 47, Defendants reallege and incorporate by reference all of their answers and affirmative allegations set forth above.

48. Answering paragraph 48, Defendants deny the allegations.

49. Answering paragraph 49, Defendants admit Plaintiff was not paid overtime. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's "estimates" of hours worked and, therefore, deny those allegations. Defendants further deny that Plaintiff ever was an employee of Defendants. Defendants further deny the remaining allegations.

50. Answering paragraph 50, Defendants deny the allegations.

## Third Claim
### (Fair Labor Standards Act—Record Keeping)

51. Answering paragraph 51, Defendants reallege and incorporate by reference all of their answers and affirmative allegations set forth above.

52. Answering paragraph 52, Defendants deny the allegations.

53. Answering paragraph 53, Defendants deny the allegations.

54. Answering paragraph 54, Defendants affirmatively allege that the allegations solely are legal conclusions to which no answer is necessary. However, if and to the extent an answer is deemed necessary, Defendants deny the allegations.

6

55. Answering paragraph 55, Defendants affirmatively allege that the allegations solely are legal conclusions to which no answer is necessary. However, if and to the extent an answer is deemed necessary, Defendants deny the allegations.

### Fourth Claim
### (Wis. Stat. Ch. 104—Minimum Wage)

56. Answering paragraph 56, Defendants reallege and incorporate by reference all of their answers and affirmative allegations set forth above.

57. Answering paragraph 57, Defendants affirmatively allege that the allegations solely are legal conclusions to which no answer is necessary. However, if and to the extent an answer is deemed necessary, Defendants deny the allegations.

58. Answering paragraph 58, Defendants affirmatively allege that the allegations solely are legal conclusions to which no answer is necessary. However, if and to the extent an answer is deemed necessary, Defendants deny the allegations.

59. Answering paragraph 59, Defendants affirmatively allege that the allegations solely are legal conclusions to which no answer is necessary. However, if and to the extent an answer is deemed necessary, Defendants deny the allegations.

60. Answering paragraph 60, Defendants deny the allegations.

61. Answering paragraph 61, Defendants deny the allegations.

### Fifth Claim
### (Wis. Stat. Ch. 104—Overtime)

62. Answering paragraph 62, Defendants reallege and incorporate by reference all of their answers and affirmative allegations set forth above.

63. Answering paragraph 63, Defendants affirmatively allege that the allegations solely are legal conclusions to which no answer is necessary. However, if and to the extent an answer is deemed necessary, Defendants deny the allegations.

64. Answering paragraph 64, Defendants deny the allegations.

\* \* \*

65. Answering all allegations and legal conclusions not expressly answered above, Defendants deny those allegations and legal conclusions.

66. Answering the "wherefore" clause, Defendants deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

As for separate and affirmative defenses, Defendants allege and state as follows:

1. Upon information and belief, this Court lacks subject matter jurisdiction over this action.

2. Plaintiff failed to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred by estoppel and/or waiver.

4. Plaintiff's injuries and damages, if any, were caused by her own breaches of contract, unclean hands, and other misconduct.

5. Plaintiff failed to mitigate her injuries and damages, if any.

6. Defendants reserve the right to assert additional affirmative defenses as additional facts are revealed to them.

WHEREFORE, Defendants respectfully request that the Court enter judgment against Plaintiff as follows:

    a.    Dismissing all claims by Plaintiff against Defendants, with prejudice;

    b.    Awarding Defendants all attorney fees, costs, and disbursements they incur in relation to this action; and

    c.    Awarding Defendants all other relief the Court deems equitable or otherwise just and proper.

Dated March 28, 2019.

        **MURDOCK LAW, S.C.**
        Attorneys for Defendants

        s/ Andrea L. Murdock
        Andrea L. Murdock
        Wis. State Bar No. 1051899
        Anthony K. Murdock
        Wis. State Bar No. 1054531

**MURDOCK LAW, S.C.**
4425 North Port Washington Road
Suite 107
Milwaukee, Wisconsin 53212
p  844-744-7529
f  414-930-4468
andrea@murdock-law.com
anthony@murdock-law.com

9

Case 2:19-cv-00300-NJ   Filed 03/28/19   Page 9 of 10   Document 7

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system and that the foregoing document is available on the ECF system for viewing and downloading. The ECF system will send a notice of electronic filing to the following persons:

*Counsel for Plaintiff:*
O. Emil Ovbiagele, Esq.
Samantha C. Huddleston, Esq.
OVB Law & Consulting, S.C.
839 North Jefferson Street
Suite 502
Milwaukee, Wisconsin 53202

s/ Andrea L. Murdock

10

Case 2:19-cv-00300-NJ    Filed 03/28/19    Page 10 of 10    Document 7